Art Matthews, Esq.
Hyslip & Taylor LLC LPA, *Of Counsel*
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
310-556-9620
Cal. Bar. No. 145232

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Isrra Green,<br><br>      Plaintiff,<br><br>v.<br><br>Midland Credit Management, Inc.,<br><br>      Defendant. | Case No. **'15CV706 DMS KSC**<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## PARTIES

1. Plaintiff, Isrra Green, ("Isrra"), is a natural person who resided in Bakersfield, California, at all times relevant to this action.

2. Defendant, Midland Credit Management, Inc., ("MCM"), is a Kansas Corporation that maintained its principal place of business in San Diego, California.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

Complaint - 1

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides and is subject to personal jurisdiction in this judicial district.

### STATEMENT OF FACTS

5. At all times relevant to this action, MCM collected consumer debts.

6. MCM regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of MCM's revenue is debt collection.

8. MCM is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described, *infra*, MCM contacted Isrra to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Isrra is a "consumer" as defined by 15 U.S.C. §1692a(3).

12. Around April 1, 2014, MCM contacted Isrra on Isrra's cellular phone in connection with the collection of the debt.

13. Issra indicated that she did not desire MCM call her.

14. Despite this, MCM contacted Isrra on Isrra's cellular phone in connection with the collection of the debt repeatedly in April 2014.

15. MCM attempted to collect a debt from Isrra.

16. MCM violated the FDCPA.

### COUNT ONE

### Violation of the Fair Debt Collection Practices Act

17. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

18. MCM regularly harasses consumers on cell phones.

19. MCM does not have a practice of obtaining consent from consumers before repeatedly calling consumers on cell phones.

20. Consumers regularly complain about calls from MCM from the number 1-877-237-0512. See http://800notes.com/Phone.aspx/1-877-237-0512

21. MCM is on notice that it is inconvenient for consumers to receive calls at the unusual place at their cell phone.

22. MCM has a pattern and practice of regularly calling cell phones using computerized calls.

23. MCM has a pattern and practice of making collection calls to consumers at numbers assigned to wireless services ("cell phone locations") without direct express consent.

24. A wireless telephone or "cell phone" is a device that is personal and usually kept on one's person.

25. When the FDCPA was passed, wireless phones were not popularly used.

26. Calling a person to collect at debt on a cell phone is an "unusual place" as defined by the FDCPA.

27. The usual and historical methods of contact are through letters or by calls to home residential lines and under appropriate circumstances to the workplace.

28. 15 U.S.C. 1692(a)(7) indicates that the usual locations are, "a consumer's place of abode and his telephone number at such place, or his place of employment."

29. The U.S. Supreme Court has recognized that, "Modern cell phones are not just another technological convenience. With all they contain and all they may reveal, they hold for many Americans 'the privacies of life'"". See *Riley v. California*, 189 L. Ed. 2d 430, 452 (U.S. 2014).

30. "[J]ust because a debt collector is permitted to continue to attempt to collect the debt does not entitle the collector to use any means, even if those means are the most economical or efficient. . . . *Foti v. NCO Fin. Sys.,* 424 F. Supp. 2d 643, 659 (S.D.N.Y. 2006).

31. "[Courts have] no authority to carve an exception out of the statute just so [the defendant] may use the technology they have deemed most efficient. . . ." *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719, *5 (S.D. N.Y. 2006).

32. MCM violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a place – a cell phone location -- known to be generally inconvenient for consumers.

33. MCM violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at an unusual place – cell phone locations.

34. MCM violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse in connection with the collection of the debt by calling Plaintiff's cell phone after Plaintiff indicated a desire not to be called.

35. MCM violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt by calling cell phones more than once without direct express consent.

36. Defendant caused actual damages as a result of its collection conduct.

## JURY DEMAND

37. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

38. Plaintiff prays for the following relief:

    a.  Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.  For such other legal and/or equitable relief as the Court deems appropriate.

1

2                                     RESPECTFULLY SUBMITTED,

3

                                    Hyslip & Taylor, LLC, LPA

4

5

                                    By:     /s/ Arturo Matthews
6                                     One of Plaintiff's Attorneys

7 Art Matthews, Esq.
1801 Century Park East, 24th Floor
8 Los Angeles, CA  90067
9 310-556-9620
Cal. Bar. No. 145232
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint - 5